Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
1850 45th Ave. NE, Suite 33
Salem, OR 97305
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
ABOLISH ABORTION OREGON

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ABOLISH ABORTION OREGON, An Unincorporated Association,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF JOSEPHINE, A Public Body; CITY OF GRANTS PASS, A Municipality; and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. § 1983]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff ABOLISH ABORTION OREGON ("AAOR") hereby alleges as follows:

## **PARTIES**

1.     Plaintiff AAOR is, and at all times herein was, an unincorporated association based in Roseburg, Oregon, whose members consist of Christians from throughout Oregon who are dedicated to calling the public's attention to the horrors of abortion and calling on legislators to abolish and criminalize the inhumane practice.

2. Defendant COUNTY OF JOSEPHINE ("COUNTY") is, and at all times herein was, a public body as defined in ORS 30.260(4)(b) and 174.109.

3. Defendant CITY OF GRANTS PASS ("CITY," and collectively with COUNTY "Defendants") is, and at all times herein was, a public body as defined in ORS 30.260(4)(b) and 174.109.

4. The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiffs, who therefore sues said Defendants under such fictitious names. Each of Defendants designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

5. Plaintiffs refer to and hereby incorporate the allegations of Paragraphs 1 through 4 into this Paragraph as if fully set forth herein.

6. This Court has jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 because Plaintiff's action arises under the Constitution and laws of the United States.

## VENUE

7. Plaintiffs refer to and hereby incorporate the allegations of Paragraphs 1 through 6 into this Paragraph as if fully set forth herein.

8. Venue is proper in the Court's Medford Division because the incidents giving rise to this Complaint occurred in the County of Josephine and all Defendants are located in, employed in, or residents of, the County of Josephine.

## GENERAL ALLEGATIONS

9.  Plaintiff refers to and hereby incorporates by reference the allegations set forth in Paragraphs 1 through 8 into this Paragraph as if fully set forth herein.

10.  AAOR is an organization comprised of Christians who travel around Oregon to share the gospel of Jesus Christ and to call for the abolition and criminalization of abortion throughout the United States. AAOR's members do this through a variety of methods, including open-air preaching, passing out tracts, holding up signs, and engaging willing individuals in conversation.

11.  Because of the large crowds that they draw, AAOR's members frequently attend events that take place in Josephine County. At these events, members of AAOR take turns open-air preaching – sometimes using electronic sound-amplification devices ("amplifiers"), sometimes without – while others hold anti-abortion signs and/or pass out gospel tracts. Some AAOR members' signs merely contain words, while others feature graphic images of aborted children.

12.  Among the events that AAOR's members attended in the past year was the Josephine County Fair (the "Fair), which took place from August 14-17, 2019. AAOR's members were there on August 15, 2019.

13.  The Fair has long been a venue at which individuals and organizations could express varying political and/or religious viewpoints. For purposes of First Amendment analysis, the Fair is a limited public forum.

14.  At the Fair, Defendant COUNTY consigned AAOR's members to a roughly 30-by-30-foot plot of land designated as a "free expression area" near the northwest corner of the fairgrounds' commercial building, an out-of-the-way location at which speakers' ability to reach their target audience was greatly limited. COUNTY also prohibited speakers who wished to use the free expression area from using bullhorns and other sound-amplification devices as well as signs,

thus restricting speakers from communicating their views to a wide audience. The only individuals at the Fair whom COUNTY allowed to use signs were vendors who had paid for the right to display them.

15. According to an article in the local newspaper, Defendant COUNTY created the "free expression area" and its related restrictions in response to "concerns raised by the fair board about anti-abortion demonstrators who have disrupted local public events" in 2019. *See* Attached **Exhibit "A"** [a copy of the relevant newspaper article]. COUNTY also told the newspaper that it enacted the restriction to "create a family friendly (sic) entertaining fair." *Id.*

16. Despite Defendant COUNTY's restrictions, AAOR's members used amplification at the Fair to ensure that their message would be heard amid the din of music, rides, games, conversation, and other sounds. AAOR's members also brought anti-abortion signs – some of which contained graphic images of aborted babies – in an effort to shock Fair-goers' consciences, spark civil discussion, and win Fair-goers over to AAOR's cause.

17. In response to AAOR's members use of amplification and signs, Fair staff, security, and law enforcement officers from Defendant CITY's Department of Public Safety ("DPS") began harassing AAOR's members, threatening to cite and arrest them if they continued to violate the Fair's restrictions on amplification and signs. A page with links to videos showing AAOR members' interactions with Fair staff, security, and DPS officers is attached hereto as **Exhibit "B."**

### SOLE CAUSE OF ACTION:
### DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. § 1983]
### Against All Defendants

18. Plaintiffs refer to and hereby incorporate by reference the allegations set forth in Paragraphs 1 through 17 into this Paragraph as if fully set forth herein.

19. Under 42 U.S.C. § 1983, anyone who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]" Public bodies, such as Defendants COUNTY and CITY, can be held liable for civil rights violations where action pursuant to official county or municipal policy of some nature causes a constitutional tort.

20. The U.S. Constitution's First Amendment, as applied to states through the Fourteenth Amendment, prohibits states from infringing on individuals' freedoms of speech and religion.  Under the Fourteenth Amendment's Equal Protection Clause, meanwhile, no state may "deprive any person of life, ***liberty***, or property without due process of law; nor deny to any person within its jurisdiction equal protection of the laws."  U.S. Const. amend. XIV, § 1 (emphasis added).

21. Acting under color of state law, Defendant COUNTY violated the constitutionally protected free speech and religious rights of AAOR and its members by consigning them to an out-of-the-way "free expression" area, prohibiting them from using amplification and signs, and then using Fair staff, security, and law enforcement to enforce the restrictions against AAOR and its members.  Defendant CITY's DPS officers assisted COUNTY's efforts to enforce COUNTY's unconstitutional restrictions on AAOR's freedoms of speech and religion.  Defendants' actions neither served a compelling government interest nor were narrowly tailored to serve such an interest and make abundantly clear that Defendants have a custom, policy, and practice of trying to silence Christians who preach their views openly in the public square.

22. Furthermore, Defendant COUNTY's restrictions, and its efforts to enforce them with assistance from Defendant CITY, were not content-neutral: The restrictions were enacted specifically to target AAOR or like-minded anti-abortion activists whose message might be deemed offensive by some Fair-goers. *See* Ex. "A." Moreover, in placing restrictions on AAOR's non-commercial speech that did not apply to vendors – i.e., allowing vendors to use amplification and/or signs when non-commercial speakers could not – COUNTY demonstrated a preference for commercial over non-commercial speech, thereby making the restrictions content-based.

23. On top of that, Defendant COUNTY's restrictions, and its efforts to enforce them with assistance from Defendant CITY, were speaker-based: Whereas vendors who paid for the right to use signs were allowed to use signs, persons with non-commercial messages – who were not at the Fair to sell a product, provide entertainment via games or rides, etc. – were not. Defendants' actions express a preference for commercial speakers as opposed to persons with non-commercial, potentially unpopular messages.

## REQUEST FOR DECLARATORY RELIEF

24. Plaintiffs refer to and hereby incorporate by reference the allegations set forth in Paragraphs 1 through 23 into this Paragraph as if fully set forth herein.

25. While Defendant COUNTY's restrictions on speakers' ability to present messages at the Fair may be facially neutral, official action that targets religious conduct for distinctive treatment cannot be shielded by mere compliance with the requirement of facial neutrality. The Free Exercise Clause protects against governmental hostility which is masked as well as overt.

26. Defendant COUNTY's restrictions, and its effort to enforce them with assistance from Defendant CITY, targeted Plaintiff AAOR's religiously motivated

expression – particularly, using signs, some of which feature graphic images, to raise awareness of the horrors of abortion and convince others to fight for the inhumane practice's abolition. Accordingly, AAOR seeks a declaration that COUNTY's restrictions are unconstitutional.

## REQUEST FOR INJUNCTIVE RELIEF

27. Plaintiffs refer to and hereby incorporate by reference the allegations set forth in Paragraphs 1 through 26 into this Paragraph as if fully set forth herein.

28. Plaintiff AAOR requests that the Court preliminarily and permanently enjoin all Defendants from enforcing Defendant COUNTY's restrictions on amplification and signs at the Fair against Plaintiff AAOR in a manner that unconstitutionally abridges AAOR's First Amendment freedoms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## ON ALL CAUSES OF ACTION:

1. For declaratory and injunctive relief, as stated *supra*;

2. For economic damages against all Defendants in an amount according to proof at trial;

3. For non-economic damages against all Defendants in the amount of $100,000;

4. For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5. For such other and further relief as the Court may deem proper.

Dated: March 24, 2020                PACIFIC JUSTICE INSTITUTE
                                     __/s/ RAY D. HACKE_____
                                     Ray D. Hacke
                                     Attorney for Plaintiff
                                     ABOLISH ABORTION OREGON

_____
Complaint
7

## **PROOF OF SERVICE**

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On March 24, 2020, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. § 1983]**

## **PLEASE SEE ATTACHED SERVICE LIST**

\_\_\_\_\_BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  X  BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

\_\_\_\_\_BY FACSIMILE TRANSMISSION: The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

\_\_\_\_\_(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 24, 2020, at Salem, Oregon.

                                              */s/ RAY D. HACKE*_____
                                                 Ray D. Hacke

## SERVICE LIST

Wally Hicks
Legal Counsel
County of Josephine
500 NW Sixth St.
Department 13
Grants Pass, OR 97526

Mark Bartholomew
City Attorney
City of Grants Pass
101 Northwest A St.
Grants Pass, OR 97526